## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, LEAGUE OF WOMEN VOTERS OF ALABAMA, LEAGUE OF WOMEN VOTERS OF GEORGIA, LEAGUE OF WOMEN VOTERS OF KANSAS, GEORGIA STATE CONFERENCE OF THE NAACP, GEORGIA COALITION FOR THE PEOPLE'S AGENDA, MARVIN BROWN, JOANN BROWN, and PROJECT VOTE<br><br>          Plaintiffs,<br><br>   v.<br><br>BRIAN D. NEWBY, in his capacity as the Executive Director of The United States Election Assistance Commission; and<br><br>THE UNITED STATES ELECTION ASSISTANCE COMMISSION<br><br>          Defendants.<br><br>KANSAS SECRETARY OF STATE KRIS W. KOBACH and PUBLIC INTEREST LEGAL FOUNDATION<br><br>          Defendant-Intervenors. | Case No. 16-cv-236 (RJL) |

## PLAINTIFFS' SUPPLEMENTAL BRIEF CONCERNING THE ELECTION ASSISTANCE COMMISSION'S RESPONSE TO THIS COURT'S REMAND ORDER

## PRELIMINARY STATEMENT

On February 24, 2017, this Court remanded the above-captioned matter to the U.S. Election Assistance Commission ("EAC" or "Commission") to determine whether, under the agency's internal guidelines and procedures, Executive Director Brian Newby had the authority to amend the state-specific instructions of the federal voter registration form to require documentary proof of citizenship for applicants in Kansas, Alabama, and Georgia. On June 1, 2017, the Commission produced a proposed "Interpretation Memo" to the Court, along with a certification clarifying that it had failed to adopt that memorandum and thus had failed to adopt any interpretation as to Mr. Newby's authority. As EAC Chair Matthew Masterson explained, "After review of the ballots, I certify that the measure to approve the Interpretation Memo fails, having not achieved the requisite 3 votes required by law." This certification confirms that the EAC did not validate Newby's action by expansively interpreting the agency's delegation procedures.

Because the agency failed to resolve the issue of Mr. Newby's delegated authority, the Court must now decide Plaintiffs' and Defendant-Intervenors' cross-motions for summary judgment without regard to the failed "Interpretation Memo." Plaintiffs have demonstrated that Mr. Newby's actions—which the D.C. Circuit has preliminarily enjoined—were plainly *ultra vires* and should be vacated.

## BACKGROUND

This Court in its Memorandum Opinion addressing the parties' cross-motions for summary judgment concluded that whether the Executive Director possessed authority to change the Federal Form without the approval of three Commissioners "present[s] the true opportunity for a narrow disposition," because "[i]f Newby's actions were *ultra vires*, they must be set

1

aside…." Dkt. 133 at *9. The "first issue" for the Court therefore was whether "the EAC may rule upon States' requests only through a vote of commissioners." *Id.* The Court "[a]ssum[ed], without deciding that the Commissioners *may* subdelegate their authority to grant or deny States' requests for modification of their state-specific instructions on the Federal Form to the Executive Director" and turned to "whether they did so." *Id.*

In particular, the Court reviewed the EAC's 2015 Organizational Management Policy ("2015 Policy Statement") and found ambiguous whether the Commissioners had delegated authority to the Executive Director to grant States' requests to amend the Federal Form. Accordingly, the Court directed the EAC to "provide a reasonable interpretation" of the Executive Director's authority to grant and deny state instruction requests under the 2015 Policy Statement by June 1, 2017. *Id.* at *18-19.

On May 19, 2017, EAC Chairman Matthew Masterson proposed an "Interpretation Memo" construing the Commission's delegation policies—including its 2015 Policy Statement—and put it to a tally vote of the three sitting Commissioners. As Chairman Masterson explained, the proposed Interpretation Memo failed, "having not achieved the requisite 3 votes required by law." Dkt. 141-1 at *1-3, *7 ("After review of the ballots, I certify that the measure to approve the Interpretation Memo fails, having not achieved the requisite 3 votes required by law.") Indeed, Commissioner Hicks specifically disapproved of the recommendation, just as he explicitly denounced Newby's unilateral approval of the state-specific requests in the first instance, and provided a two-page document describing the reasoning behind his dissent. *Id.* at *4-6; Dkt. 47-2.

**ARGUMENT**

Chairman Masterson's conclusion that the EAC failed to adopt the proposed Interpretation Memo was plainly correct, as HAVA provides that "[a]ny action which the Commission is authorized to carry out under [HAVA] may be carried out only with the approval of at least three of its members."  52 U.S.C. § 20928; *see also* NVRA, 59 Fed. Reg. 11, 211 (Mar. 10, 1994); NVRA, 58 Fed. Reg. 51,132 (Sept. 30, 1993).  This certification confirms the agency's practice, as mandated by its organic statute, of not giving effect to actions or decisions—including actions to delegate authority—unless they have the required approval of three Commissioners.  Indeed, the Commission's recognition that the approval of three Commissioners is necessary even to establish or alter the agency's own internal policies is further confirmation that the same three-Commissioner approval is required under HAVA to make substantive changes to the Federal Form—particularly those changes that impact the ability of American citizens to register and vote.

As Plaintiffs previously have shown, the three-vote requirement is in keeping with the bipartisan structure of the Commission, which is designed to have two appointees from each major political party.  *See* 52 U.S.C. § 20923(a)(2).  The required approval from three members ensures that any action the Commission takes will have bipartisan support.  This congressionally-implemented guarantee of bipartisanship would be undermined if two Commissioners from one political party could approve and adopt statements and interpretations on behalf of the EAC as a whole, over the dissent of the third Commissioner.  Because the Interpretation Memo was not adopted by the Commission in accordance with HAVA's three Commissioner approval requirement, the memorandum and the individual Commissioners' opinions expressed therein do

not represent the EAC's position, let alone an authoritative interpretation of its regulations or practice.

Without that authoritative interpretation, the notion that the Commissioners through the 2015 Policy statement—which even this Court has concluded is *ambiguous*—empowered the Executive Director to overturn the affirmative decisions of the agency's Commissioners, would effectively flip the bipartisan organization chart created by Congress on its head, making a single, un-appointed partisan official more powerful than even *two* Commissioners. Accordingly, when Newby unilaterally granted the requests of Alabama, Georgia and Kansas to include documentary proof of citizenship requirements in the state-specific instructions to the Federal Form, he did so without the authorization of the Commission, and his *ultra vires* action must be set aside.

## CONCLUSION

As the Commission failed to muster the three votes necessary to adopt an interpretation of the Executive Director's authority under the 2015 Policy Statement, the memorandum included with the EAC's submission was not adopted by the Commission and should not be accorded any force.  As such, Plaintiffs respectfully submit that the Court should proceed to address the merits of Plaintiffs' Motion for Summary Judgment, based on the administrative record as it stood at the time the Executive Director took his unlawful actions.

August 7, 2017                                    Respectfully submitted,

                                                  By:  /s/ *Michael C. Keats*

                                                  Michael C. Keats**
                                                  Chelsea L. Goulet
                                                  STROOCK & STROOCK &
                                                  LAVAN LLP

4

180 Maiden Lane
New York, New York 10038
(212) 806-5400
mkeats@stroock.com

- and –

Wendy R. Weiser**
Jonathan Brater**
Tomas Lopez**
Robert Ferguson**
BRENNAN CENTER FOR
JUSTICE
120 Broadway, Suite 1750
New York, New York 10271
(646) 292-8310
wendy.weiser@nyu.edu

Jonathan D. Janow
   D.C. Bar No. 1002399
   D.D.C. Atty. No. D00333
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW, Suite
1200
Washington, DC  20005
(202) 879-5000
Jonathan.janow@kirkland.com

*Attorneys for Plaintiffs the League
of Women Voters of the United
States, the League of Women Voters
of Kansas, the League of Women
Voters of Alabama, and the League
of Women Voters of Georgia*

Dale E. Ho
   D.D.C. Bar No. NY0142
Orion Danjuma**
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
dale.ho@aclu.org

Stephen Douglas Bonney*

5

ACLU FOUNDATION OF
KANSAS
6701 W. 64th Street, Ste. 210
Overland Park, KS 66202
(913) 490-4102
dbonney@aclukansas.org

Jon M. Greenbaum
  D.C. Bar No. 489887
Ezra D. Rosenberg
  D.C. Bar No. 360927
LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS UNDER LAW
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org

*Attorneys for Plaintiffs Marvin
Brown, JoAnn Brown, the Georgia
State Conference of the NAACP,
and Georgia Coalition for the
People's Agenda*

Linda Stein
  D.C. Bar No. 376217
Jason Abel
  D.C. Bar No. 490382
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
(202) 429-3000
lstein@steptoe.com

*Attorneys for Plaintiffs the Georgia
State Conference of the NAACP,
and Georgia Coalition for the
People's Agenda*

*\*Pro hac vice motion pending
\*\*Admitted pro hac vice*

6