**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN NEWBY, *et al.*, <br><br> Defendants, <br><br> KANSAS SECRETARY OF STATE KRIS W. KOBACH and PUBLIC INTEREST LEGAL FOUNDATION <br><br> Defendant-Intervenors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:16-236 (RJL) |

**FEDERAL DEFENDANTS' RESPONSE TO EAGLE FORUM'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

On September 7, 2017, Eagle Forum Education & Legal Defense Fund ("Eagle Forum") filed a Notice of Supplemental Authority ("Notice"), ECF No. 155, notifying the Court of the recent decision in *MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017). Eagle Forum has moved to intervene in this case for the limited purpose of unsealing documents that are currently sealed on the Court's docket. *See* ECF No. 135. Contrary to Eagle Forum's assertion in its Notice, the decision in *MetLife* does not "resolve[] [any] issue[] in favor of unsealing the record" in this case. ECF No. 135 at 1.

In Federal Defendants' Opposition to Eagle Forum's Motion to Intervene, ECF No. 138-1, Federal Defendants did not cite to or rely on *MetLife, Inc., v. Fin. Stability Oversight Council*, No. 15-0045, 2016 WL 3024015 (D.D.C. May 25, 2016), in support of their argument that the

1

sealed documents at issue in this case are not judicial records.  *See* ECF No. 138-1 at 8-11.  Rather, Federal Defendants relied on a series of other D.C. Circuit cases standing for the proposition that not all documents filed with courts are judicial records.  *See id.* at 8 (citing *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 5 (D.C. Cir. 2013); *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998); *United States v. El-Sayegh*, 131 F.3d 158, 161 (D.C. Cir. 1997)).  In *MetLife,* the D.C. Circuit relied on and quoted from each of these cases cited by Federal Defendants, and the *MetLife* decision in no way abrogated these cases or this body of precedent upon which Federal Defendants based their argument.

In any event, in *MetLife*, the D.C. Circuit simply held that the Dodd-Frank Act does not displace "the long-standing balancing test that courts apply when ruling on motions to seal or unseal judicial records," *MetLife*, 865 F.3d 661, slip op. *2, known as the *Hubbard* test, and remanded the case to the district court to apply that test.  *Id.* at *27.  And as Federal Defendants explained in their opposition to Eagle Forum's motion, the *Hubbard* test strongly weighs against unsealing the sealed documents in this case.  *See* ECF No. 138-1 at 11-14.

Dated:  September 18, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JOHN R. GRIFFITHS
Director
LESLEY R. FARBY
Assistant Director

/s/ Julie Straus Harris
JULIE STRAUS HARRIS (DC Bar # 1021928)
GALEN N. THORP (VA Bar # 75517)
Trial Attorneys
Civil Division, Federal Programs Branch

United States Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Tel: (202) 353-7633, Fax: (202) 616-8460
E-mail: julie.strausharris@usdoj.gov

*Attorneys for Federal Defendants*