# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, *et al.*, <br><br>            Plaintiffs, <br><br> v. <br><br> MONA HARRINGTON[1], *et al.*, <br><br>            Defendants, <br><br> KANSAS SECRETARY OF STATE SCOTT SCHWAB and PUBLIC INTEREST LEGAL FOUNDATION, <br><br>            Defendant-Intervenors. <br><br> EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND, <br><br>            Limited-Purpose Intervenor. | Civil Action No. 1:16-236 (RJL) |

## JOINT STATUS REPORT

In response to the Court's Order dated October 21, 2020, the parties have met and conferred and hereby submit to the Court this joint status report regarding the status of proceedings following the August 19, 2020 Judgment and Mandate of the U.S. Court of Appeals for the District of Columbia Circuit.

  A.  With respect to the parties' cross-motions for summary judgment, including all briefs and supplemental briefs in support thereof and opposition thereto, *see* ECF Nos. 101-102, 104, 107, 112, 114-116, 119-122, 145-148 & 151-154, the parties state as follows:

---

[1] Mona Harrington has been substituted for Brian D. Newby as Defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

1. Plaintiffs respectfully submit that the Court would benefit from briefing regarding various developments since the parties submitted their cross-motions for summary judgment.

    a. Among other things, following trial, the U.S. District Court for the District of Kansas permanently enjoined Kansas's documentary proof of citizenship law, a decision that was upheld by the United States Court of Appeals for the Tenth Circuit. *See Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020). The Supreme Court earlier this week declined to review the 10th Circuit's decision. *See Schwab v. Fish*, No. 20-109, 2020 U.S. LEXIS 6051 (Dec. 14, 2020). In addition, Defendant Brian Newby is no longer the Executive Director of the U.S. Election Assistance Commission. Mona Harrington is the current Executive Director. Plaintiffs also understand that Georgia and Alabama, which never intervened in this case, are not enforcing their documentary proof of citizenship laws. *See* Doc. 27 at 11.[2]

    b. Plaintiffs further submit that these developments raise significant issues as to whether Mr. Newby's actions in response to the request of Intervenor Kansas to require documentary proof of citizenship is now moot. Even assuming this action is not moot, court decisions under the Administrative Procedure Act provide further grounds for the entry of judgment in Plaintiffs' favor that the Executive Director lacked unilateral authority to alter longstanding Commission policy.

    c. Accordingly, Plaintiffs propose filing a supplemental brief of no more than five (5) pages on or by January 29, 2021; Intervenor-Defendants Kansas Secretary of State ("Kansas") and Public Interest Legal Foundation ("PILF") would

---

[2] *See also* Alabama Mail-In Voter Registration Form (no DPOC required), *available at* https://www.sos.alabama.gov/sites/default/files/voter-pdfs/nvra-2.pdf?ga=2.238944256.1246739288.1596646523-1759311593.1596646523; Georgia Application for Voter Registration (same), *available at* https://sos.ga.gov/admin/files/GA_VR_APP_2019.pdf.

each provide their supplemental brief, if any, of no more than five (5) pages by February 26, 2021; Defendants would provide their supplemental brief, if any, of no more than ten (10) pages by March 26, 2021; and Plaintiffs, Intervenor-Defendant Kansas, and Intervenor-Defendant PILF each would be permitted to file a reply, if any, of no more than five (5) pages by April 16, 2021.

    2.    Defendants agree that supplemental briefing is warranted to bring the pending cross-motions for summary judgment up to date, and further agree that such briefing should follow the schedule provided in paragraph A.1.c. *supra*.

    3.    Intervenor-Defendant Kansas believes no further briefing is warranted or required for the Court to resolve the parties' cross-motions for summary judgment. However, to the extent the Court agrees with Plaintiffs and Defendants that supplemental briefing on the pending cross-motions for summary judgment is appropriate, Intervenor-Defendant Kansas agrees that such briefing should follow the schedule provided in paragraph A.1.c. *supra*.

    4.    Intervenor-Defendant PILF believes no further briefing is warranted or required for the Court to resolve the parties' cross-motions for summary judgment. However, to the extent the Court agrees with Plaintiffs and Defendants that supplemental briefing on the pending cross-motions for summary judgment is appropriate, Intervenor-Defendant PILF agrees that such briefing should follow the schedule provided in paragraph A.1.c. *supra*.

B.    With respect to whether any supplemental briefing is necessary on limited-purpose intervenor Eagle Forum Education and Legal Defense Fund's ("EFELDF") motion to unseal the record, the parties state as follows:

    1.    EFELDF respectfully submits that the Court would benefit from a renewed motion to unseal the record, which motion shall incorporate any relevant legal developments since briefing was completed on EFELDF's motion, ECF No. 135, omit materials that have now become extraneous (e.g., materials related to intervention), and –

if allowed access to the sealed materials – develop and support the factual arguments for unsealing all or parts of documents.  EFELDF further submits that EFELDF should be permitted access to the sealed materials under the current protective order, ECF No. 42, by the terms of that order in EFELDF's capacity as a limited-purpose intervenor (*i.e.*, EFELDF would be bound by the protective order, and disclosure to EFELDF would not violate the order as public disclosure). While EFELDF does not dispute that a limited-purpose intervenor *can* brief the unsealing of documents the intervenor has not seen, EFELDF's briefing of these issues would be more illuminating if EFELDF could contest Defendants' claims of good faith after EFELDF has reviewed what Defendants seek to keep from public disclosure.

    a.    If the Court allows EFELDF to access the sealed materials based on the current record, EFELDF proposes filing a renewed motion to unseal within 30 days from the date of the Court's order granting EFELDF access; any other party wishing to file a response in support of EFELDF's motion would have 7 days from the date on which EFELDF files its motion to do so; Defendants would have 60 days from the date on which EFELDF files its motion to respond thereto; any other party wishing to file a response in opposition to EFELDF's motion or in support of Defendants' response would have 7 days from the date on which Defendants' file their response to do so; and EFELDF would have 21 days from the date of Defendants' response to reply.

    b.    If the Court does not allow EFELDF to access the sealed materials based on the current record, EFELDF proposes filing a motion for leave to review the sealed materials documents within 14 days from the date of the Court's order, while reserving the right to petition the appellate panel to recall and clarify the mandate; any other party wishing to file a response in support of EFELDF's motion would have 7 days from the date on which EFELDF files its motion to do so; Defendants would have 21 days from the date on which EFELDF files its motion

to respond thereto; any other party wishing to file a response in opposition to EFELDF's motion or in support of Defendants' response would have 7 days from the date on which Defendants' file their response to do so; and EFELDF would have 21 days from the date of Defendants' response to reply.  Within 30 days of final resolution of EFELDF's request for access to the sealed materials, EFELDF would file its renewed motion to unseal; Defendants would have 60 days from the date on which EFELDF files its motion to unseal respond thereto; any other party wishing to respond to EFELDF's motion or Defendants' response would have 7 days from the date on which Defendants' file their response to do so; and EFELDF would have 21 days from the date of Defendants' response to reply.

2. Defendants respectfully submit that no supplemental briefing is necessary as to EFELDF's motion to unseal the record, ECF No. 135, as the already-filed briefs on EFELDF's motion to intervene, *see* ECF Nos. 135-3, 138-1 & 139, contain extensive argument on whether the sealed materials should remain sealed.  Defendants further state that they oppose any effort by EFELDF to access the sealed materials.  EFELDF's status as intervenor for the limited purpose of moving to unseal the record does not entitle EFELDF to access the materials over which Defendants have asserted privileges under the protective order, ECF No. 42; nor does EFELDF need access to the sealed material for purposes of its motion to unseal.  *See, e.g.*, Opinion at 6-7, ECF No. 130, *Metlife, Inc. v. Fin. Stability Oversight Counsel*, No. 15-45 (D.D.C. Sept. 18, 2018); Order, ECF No. 120, *Metlife, Inc. v. Fin. Stability Oversight Counsel*, No. 15-45 (D.D.C. Nov. 8, 2017).

    a. Should the Court decline to grant EFELDF access to the sealed materials on the current record, Defendants agree that briefing on EFELDF's proposed motion for leave to review the sealed materials, should follow the schedule provided in paragraph B.1.b. *supra*.

    b. Should the Court grant EFELDF access to the sealed materials on the current record, Defendants respectfully submit that EFELDF's access should be

subject to the terms of the protective order, ECF No. 42, and agree that briefing on EFELDF's motion to unseal the record should follow the schedule provided in paragraph B.1.a. *supra*.

3.  Plaintiffs take no position on the issues in this paragraph B. concerning supplemental briefing on EFELDF's motion to unseal the record.

4.  Intervenor-Defendant Kansas requests the opportunity to file a supplemental brief and/or response according to the schedule outlined above at paragraphs B.1.a and b, should the Court allow supplemental briefing on these issues.

5.  Intervenor-Defendant PILF requests the opportunity to file a supplemental brief and/or response according to the schedule outlined above at paragraphs B.1.a and b, should the Court allow supplemental briefing on these issues.

Dated: December 21, 2020                                        Respectfully submitted,

*/s/ Michael C. Keats*                                          JEFFREY BOSSERT CLARK
Michael C. Keats                                                Acting Assistant Attorney General
Admitted pro hac vice                                           Civil Division
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP                                                  JOHN R. GRIFFITHS
One New York Plaza                                              Director
New York, NY 10004
Phone: (212) 859-8000                                           LESLEY R. FARBY
michael.keats@friedfrank.com                                    Assistant Director

*Counsel for Plaintiffs*                                        */s/ Julie Straus Harris*
                                                                JULIE STRAUS HARRIS (DC Bar # 1021928)
*/s/ Lawrence J. Joseph*                                        GALEN N. THORP (VA Bar # 75517)
Lawrence J. Joseph, DC Bar #464777                              Senior Trial Counsels
Law Office of Lawrence J. Joseph                                Civil Division, Federal Programs Branch
1250 Connecticut Ave., NW, Ste. 700-1A                          United States Department of Justice
Washington, DC 20036                                            20 Massachusetts Ave. NW
Tel: 202-355-9452                                               Washington, D.C. 20530
Fax: 202-318-2254                                               Tel: (202) 353-7633, Fax: (202) 616-8460
Email: ljoseph@larryjoseph.com                                  E-mail: julie.strausharris@usdoj.gov

*Counsel for Intervenor*
*Eagle Forum Education and Legal Defense*                       *Attorneys for Federal Defendants*
*Fund*

6

*/s/ Jeffrey A. Chanay*
Jeffrey A. Chanay, KS Bar #12056
Chief Deputy Attorney General
OFFICE OF KANSAS ATTORNEY
GENERAL DEREK SCHMIDT
Memorial Building, 2nd Floor
120 SW 10th Ave.
Topeka, KS 66612-1597
Tel: 785-368-8435
Fax: 785-291-3767
Email: jeff.chanay@ag.ks.gov

*Attorney for Defendant-Intervenor*
*Kansas Secretary of State Scott Schwab*

*/s/ Kaylan L. Phillips*
Kaylan L. Phillips (D.C. 1110583)
PUBLIC INTEREST LEGAL
FOUNDATION
32 E. Washington St, Suite 1675
Indianapolis, Indiana 46204
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@publicinterestlegal.org

*Counsel for Defendant-Intervenor*
*Public Interest Legal Foundation*