# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, et al.,<br><br>         Plaintiffs,<br><br>  - against -<br><br>MONA HARRINGTON, IN HER CAPACITY AS THE DIRECTOR OF THE UNITED STATES ELECTION ASSISTANCE COMMISSION, et al.,[1]<br><br>         Defendant. | No. 1:16-cv-00236 |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

---

[1] Mona Harrington has been substituted for Brian D. Newby as Defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Plaintiffs respectfully submit this Supplemental Brief in further support of their Motion for Summary Judgment [Dkt. 103] and in opposition to the Motions for Summary Judgment by Defendant [Dkt. 101] and Defendant-Intervenors [Dkt. 105, Dkt. 107], to note significant developments with respect to Kansas's documentary proof of citizenship law and to bring to the Court's attention recent cases decided by the Court of Appeals under the Administrative Procedure Act (the "APA").[2]

Plaintiffs commenced this action in 2016 against then-Director Brian D. Newby and the United States Election Assistance Commission ("EAC") to enjoin Mr. Newby's approval of the requests by Alabama, Georgia, and Kansas to add their documentary proof of citizenship ("DPOC") requirements to the federal mail-in voter registration form (the "Federal Form") for those states (the "Newby Decisions"). While this Court denied Plaintiffs' Motion for Preliminary Injunction, the U.S. Court of Appeals for the District of Columbia Circuit reversed, finding both a likelihood of irreparable harm to Plaintiffs and that Plaintiffs had a "substantial (perhaps overwhelming) likelihood of success on the merits." *See League of Women Voters of the United States v. Newby*, 838 F.3d 1, 9 (D.C. Cir. 2016).

Since the time parties briefed cross-motions for summary judgment, Kansas's documentary proof of citizenship law was declared unconstitutional, a conclusion that was affirmed by the U.S. Court of Appeals for the Tenth Circuit, and for which the Supreme Court recently denied certiorari. Importantly, Kansas is the *only* State that intervened in this action; Georgia and Alabama never intervened and have not enforced the documentary proof of citizenship laws in their own state elections over the past six election cycles. Thus, there is no basis upon which the EAC can argue that DPOC requirements are "necessary" to assess voter eligibility, as required for their inclusion on the Federal Form pursuant to the National Voter Registration Act ("NVRA"). *See* 52 U.S.C. § 20508(b)(1). While Newby failed to apply the applicable standard altogether in violation of the

---

[2] By Minute Order dated October 21, 2020, the Court instructed the parties to meet and confer and submit a joint status report to address whether supplemental briefing was warranted on the parties' cross-motions for summary judgment. The parties submitted that report and presented a proposed schedule. Dkt. 170. While the Court has not so-ordered that proposed schedule, Plaintiffs file this supplemental memorandum out of an abundance of caution in accordance with Plaintiffs' proposed deadline.

1

APA, any finding of necessity would be arbitrary, capricious and contrary to law. Moreover, recent court decisions under the APA further confirm that Newby utterly failed to comply with the most basic requirements for changing the EAC's longstanding policy against documentary proof of citizenship. For these and all of the reasons that Plaintiffs previously presented in their briefing and argument, Plaintiffs are entitled to summary judgment.

### I. Kansas's DPOC Law is Unconstitutional and Unenforceable

Last year, the Tenth Circuit affirmed that Kansas's DPOC requirement is unconstitutional and pre-empted by the NVRA, and Kansas has been permanently enjoined from enforcing its requirement. *See Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020).[3] It is now beyond doubt that the Kansas's documentary proof of citizenship requirement is not "*necessary* to enable the appropriate State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process[,]" and may not be included on the Federal Form for Kansas voters. *See* 52 U.S.C. § 20508(b)(1) (emphasis added). Newby's finding to the contrary was "arbitrary, capricious," and "not in accordance with law[,]" and must therefore be set aside pursuant to the APA. *See* 5 U.S.C. § 706(2)(A).

By way of background, the League of Women Voters of Kansas, along with individual Kansas voters, argued in *Fish* that Kansas's DPOC requirement was not necessary for the Kansas Secretary of State to perform his eligibility-assessment and registration duties, and was therefore preempted by Section 5 of the NVRA. *See Fish v. Kobach*, 840 F.3d 710, 715–16 (10th Cir. 2016). The U.S. District Court for the District of Kansas's entry of a preliminary injunction was affirmed by the Tenth Circuit. *See id.* at 716–17. The Tenth Circuit remanded for trial on the merits to give the Kansas Secretary of State the opportunity to demonstrate that the requirement was "necessary" to perform his eligibility-assessment and registration duties. *Id.* at 756.

On remand, the district court consolidated the plaintiffs' statutory challenge pursuant to the NVRA with a related case, *Bednasek v. Schwab*, No. 18-3134, which raised the question of whether

---

[3] This decision is enclosed herein as **Exhibit A**.

2

the Kansas requirement also violates the Fourteenth Amendment's Equal Protection Clause.  In *Fish v. Kobach*, 309 F. Supp. 3d 1048, 1053–54 (D. Kan. 2018),[4] the district court found that the requirement both unconstitutionally burdened the right to vote and was preempted by the NVRA.  The Tenth Circuit subsequently affirmed.  *Fish*, 957 F.3d 1105.  The Supreme Court recently declined to review the Tenth Circuit's decision.  *Schwab v. Fish*, No. 20-109, 2020 U.S. LEXIS 6051 (Dec. 14, 2020).

Kansas is now permanently enjoined from enforcing its DPOC requirement in *any* context, including mail-in voter registration applications, the subject matter of this litigation.  While the *Fish* plaintiffs originally challenged Kansas's requirement in connection with an application to obtain or renew a driver's license, *see Fish*, 840 F.3d at 715, after consolidating the case with the claims raised by the plaintiff in *Bednasek*, the district court found that the requirement was unconstitutional *in its entirety*.  *See Fish*, 309 F. Supp. 3d at 1053 ("Mr. Bednasek's [Fourteenth Amendment] claim is not limited to motor-voter applicants.").  Accordingly, the relief granted by the district court was not limited to so-called "motor-voter" registration applications.  *Id.* at 1113 ("Defendant shall not enforce the DPOC law and accompanying regulation against voter registration applicants in Kansas."); *id.* at 1114 (Defendant "must ensure that all elections-related public education materials . . . make clear that voter registration applicants need not provide DPOC in order to become registered to vote, and need not provide any additional information in order to complete their voter registration applications.").

Because Kansas's DPOC requirement is unconstitutional, the requirement plainly is not "necessary" for the state to assess an applicant's eligibility to vote, and thus, pursuant to the NVRA, may not be included on the Kansas Federal Form.  *See* 52 U.S.C. § 20508(b)(1).  While the Tenth Circuit's decision does not address Alabama or Georgia's statutes, in the years since the Newby Decisions were issued in January of 2016, neither Alabama nor Georgia has enforced their

---

[4] This decision is enclosed herein as **Exhibit B**.

3

own DPOC requirements in state *or* federal elections,[5] and these states have not intervened in this litigation. Clearly, a requirement that these states have ignored for several successive election cycles cannot be "necessary" for these states to assess an applicant's eligibility to vote pursuant to the NVRA. 52 U.S.C. § 20508(b)(1).

Pursuant to the APA, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be [] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right[.]" 5 U.S.C. § 706(2)(A), (C); *see also O.A. v. Trump*, 404 F. Supp. 3d 109, 118 (D.D.C. 2019) ("When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated[.]") (*citing Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998)). Because the Newby Decisions were plainly unlawful, the Decisions should be vacated and set aside.

## II. The Court of Appeals Has Made Explicitly Clear the Requirement that Agencies Explain Policy Changes

To comply with the APA, an agency "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Newby*, 838 F.3d at 10 (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Here, in a contemporaneous internal memorandum, "Newby expressly found that the criterion set by Congress — i.e., whether the amendments were necessary to assess eligibility — was 'irrelevant' to his analysis[.]" *Id.* As the Court of Appeals noted, "it is difficult to imagine a more clear violation of the APA's requirement" that the agency provide a satisfactory explanation for its actions. *Id.* Thus, "appellants have shown

---

[5] *See* Amy Sherman, *Fact-check: Do states verify U.S. citizenship as a condition for voting?*, Austin American-Statesman (Dec. 7, 2020), https://www.statesman.com/story/news/politics/2020/12/07/do-states-verify-u-s-citizenship-condition-voting/6480041002 ("Kansas, Alabama and Georgia also have laws requiring documentary proof, but none is in effect. Kansas's law was struck down in federal court in April; Alabama and Georgia never enforced their laws.").

4

that the Newby Decisions very likely were not 'based on a consideration of the relevant factors.'" *Id.* at 12 (quoting *State Farm*, 463 U.S. 29, 43 (1983).

While agencies are permitted to change their existing policies, they must, at a minimum, "display awareness that it is changing position" and "show that there are good reasons for the new policy." *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125–26 (2016) (citations omitted). Since 2016, the Court of Appeals has repeatedly emphasized that a "full and rational explanation becomes especially important when, as here, an agency elects to shift [its] policy or depart[] from its typical manner of administering a program." *Sw. Airlines Co. v. FERC*, 926 F.3d 851, 856 (2019) (alterations in original) (internal quotations omitted). The requirement that agencies "must examine the relevant data and articulate a satisfactory explanation" is "especially important where . . . an agency changes course." *Physicians for Social Responsibility v. Wheeler*, 956 F.3d 634, 644 (D.C. Cir. 2020) (internal quotations omitted). And agencies must make at least a cursory effort to "reflect upon the information contained in the record and grapple with contrary evidence[.]" *Fred Meyer Stores, Inc. v. NLRB*, 865 F.3d 630, 638 (D.C. Cir. 2017).

Here, prior to the Newby Decisions, the EAC consistently rejected requests by states to include documentary proof requirements on their respective Federal Forms, including requests by Arizona in 2005, 2007, and 2013, and by Kansas in 2013.[6] *Newby*, 838 F.3d at 5. In addition to completely failing to consider the statutory criteria, Newby did not even acknowledge the EAC's contrary precedent. He plainly failed to "articulate a satisfactory explanation for [his] action including a rational connection between the facts found and the choice made." *Id.* at 10. Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Summary Judgment and vacate the Newby Decisions.

---

[6] The EAC decisions denying the requests by Arizona and Kansas in 2013 were upheld by the Tenth Circuit Court of Appeals. *Kobach v. U.S. Election Assistance Comm'n*, 772 F.3d 1183 (10th Cir. 2014).

5


Dated: January 29, 2020

Respectfully submitted,

*/s/ Michael C. Keats*
Michael C. Keats\*
*Admitted pro hac vice*
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, NY 10004
Phone: (212) 859-8000
michael.keats@friedfrank.com

- and –

Wendy R. Weiser\*
BRENNAN CENTER FOR JUSTICE
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8318
weiserw@brennan.law.nyu.edu

*Attorneys for Plaintiffs the League of Women Voters of the United States, the League of Women Voters of Kansas, the League of Women Voters of Alabama, and the League of Women Voters of Georgia*

Dale E. Ho
   D.D.C. Bar No. NY0142
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org

Jon M. Greenbaum
   D.C. Bar No. 489887
Ezra D. Rosenberg
   D.C. Bar No. 360927
LAWYERS' COMMITTEE FOR
   CIVIL RIGHTS UNDER LAW
1401 New York Avenue, NW
Suite 400
Washington, DC 20005

6

(202) 662-8600
jgreenbaum@lawyerscommittee.org

*Attorneys for Plaintiffs Marvin Brown, JoAnn Brown, the Georgia State Conference of the NAACP, and Georgia Coalition for the People's Agenda*

*\*Admitted pro hac vice*

7