UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Case No. 16-00236 (RJL) |
| MONA HARRINGTON, in her capacity as the Executive Director of the United States Election Assistance Commission, and UNITED STATES ELECTION ASSISTANCE COMMISSION, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| KANSAS SECRETARY OF STATE SCOTT SCHWAB and PUBLIC INTEREST LEGAL FOUNDATION, | ) ) ) ) | |
| Defendant-Intervenors. | ) ) | |

## ORDER TO SHOW CAUSE
June 28, 2021

On February 12, 2016, plaintiffs filed suit against the Election Assistance

Commission ("EAC") and its then-Executive Director, Brian Newby[1], to enjoin Newby's

approval of the requests of Kansas, Alabama, and Georgia (collectively the "States") to

---

[1] Mona Harrington has been automatically substituted for Brian Newby as a defendant under Rule 25(d) of the Federal Rules of Civil Procedure.

add state-specific instructions regarding each State's documentary proof of citizenship laws to the federal mail-in voter registration form (the "Federal Form"). *See* Compl. [Dkt. #1]. Shortly thereafter, plaintiffs sought a temporary restraining order and a preliminary injunction barring defendants from enforcing Newby's decision to approve the States' requests. Mot. for Temporary Restraining Order and Prelim. Inj. [Dkt. #11]. In response, defendants made the highly unusual move of consenting to the entry of a preliminary injunction, taking the position that Newby's decision was not made based on the appropriate statutory standard under the National Voting Registration Act ("NVRA"), 52 U.S.C. § 20508(b)(1), and therefore could not be defended on the merits under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.* Defs.' Resp. to Pls.' Mot. for Temporary Restraining Order and Prelim. Inj. [Dkt. #28] at 1.

Around the same time, the Kansas Secretary of State[2] ("Kansas Secretary") and the Public Interest Legal Foundation (individually "PILF" or collectively with Kansas Secretary "defendant-intervenors") moved to intervene to defend Newby's decision on the merits. Mot. of Kansas Secretary to Intervene as Def. ("Kansas Secretary Mot.") [Dkt. #20]; Mot. of PILF to Intervene as Def. ("PILF's Mot.") [Dkt. #24]. The Kansas Secretary argued that "[i]f successful [p]laintiffs' attempt to reverse the January 29, 2016, decision of the EAC will impair the ability of the Secretary to carry out his constitutional and statutory duties concerning the administration of elections." Kansas Secretary Mot.

---

[2] At the time of intervention Kris W. Kobach held the office of Kansas Secretary of State. Because the

at 13.   PILF contended that it had a "charitable mission,"—namely "working to protect the integrity of citizens' votes from dilution or abridgment, ensuring that voter qualification laws and election administration procedures are followed, and providing assistance to states that seek to enforce their constitutional mandate to regulate their own elections"—which would be "necessarily impaired if [p]laintiffs prevail."   PILF's Mot. at 2.   I granted defendant-intervenors' motions on February 22, 2016.[3]   *See* Minute Orders dated Feb. 22, 2016.   I then denied plaintiffs' motion as to the request for a temporary restraining order on February 23, 2016, Mem. Order [Dkt. #34], and as to the request for a preliminary injunction on June 29, 2016, Mem. Op. and Order [Dkts. ##92, 93].   Plaintiffs promptly appealed.   Notice of Appeal [Dkt. #95].

On September 9, 2016, our Circuit Court granted a preliminary injunction. *League of Women Voters v. Newby*, No. 16-cv-5196, 2016 WL 4729502, at *1 (D.C. Cir. Sept. 9, 2016) (hereinafter "Sept. 9 Order").   In a subsequent opinion, it held that plaintiffs had established a likelihood of irreparable harm as well as a "substantial (perhaps overwhelming) likelihood of success on the merits."   *See League of Women Voters v. Newby*, 838 F.3d 1, 9 (D.C. Cir. 2016).   Accordingly, our Circuit Court preliminarily enjoined the EAC or anyone acting on its behalf from giving effect to

---

Kansas Secretary intervened in his official capacity, *see* Kansas Secretary Mot. at 1, Kobach's successor, Scott Schwab, has been automatically substituted as a party.   Fed. R. Civ. P. 25(d).

[3] Although PILF and the Kansas Secretary were permitted to intervene at the outset of these proceedings, this does not necessarily entitle defendant-intervenors to remain parties to this action.   *See Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of litigation.").

Newby's decision approving the States' requests and ordered the EAC to "take 'all actions necessary to restore the status quo ante, pending a determination on the merits, including informing the three states that Federal Form applications filed since January 29, 2016, should be treated as if they did not contain the now-stricken state-specific instructions." *Id*. at 14–15 (quoting Sept. 9 Order).

During the pendency of the preliminary injunction appeal, the parties filed and briefed cross-motions for summary judgment. *See* Fed. Defs.' Mot. for Summ. J. [Dkt. #101]; Pls.' Cross-Mot. for Summ. J. [Dkt. #103]; Def.-Intervenor PILF's Cross-Mot. for Summ. J. [Dkt. #105]; Def.-Intervenor Kansas Secretary's Cross-Mot. for Summ. J. [Dkt. #107]. On February 24, 2017, I remanded the case to the EAC to provide additional clarity regarding the Executive-Director's authority to grant the States' requests. Mem. Op. and Order [Dkts. ##133, 134]. That remand is now complete, and the parties' cross-motions for summary judgment are fully briefed.

While this case has progressed, however, additional developments have occurred with respect to the States' documentary proof of citizenship requirements. Most notably, the Kansas statute requiring documentary proof of citizenship for voter registration, Kan. Stat. Ann. § 25-2309(l), has been struck down as unconstitutional. *See Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020). The Tenth Circuit held Kansas's statute violated the Fourteenth Amendment's Equal Protection Clause and was preempted by Section 5 of the NVRA. *Id*. at 1144. Accordingly, it upheld a permanent injunction preventing Kansas

4

from "enforc[ing] the [documentary proof of citizenship] law and accompanying regulation against voter registration applicants in Kansas." *Fish v. Kobach*, 309 F. Supp. 3d 1048, 1113 (D. Kan. 2018), *aff'd* 957 F.3d at 1144.    The Supreme Court denied certiorari.    *Schwab v. Fish*, 141 S. Ct. 965 (Dec. 14, 2020).    Thus Kansas, the only State to have intervened in *this* litigation, stands precluded from enforcing the law underlying its request to the EAC that triggered the present action.    *See* AR0072 (requesting state-specific changes to the Federal Form to reflect requirements of Kan. Stat. Ann. § 25-2309(l)).

With respect to Alabama and Georgia, neither State has intervened in this litigation despite being aware of plaintiffs' challenge.    *See* Sept. 9 Order, at *1 (directing the EAC to "inform[] Kansas, Alabama, and Georgia that Federal Form applications filed since January 29, 2016 should be treated as if they did not contain the now-stricken state-specific instructions").    Moreover, plaintiffs contend that "in the years since the Newby Decisions were issued in January of 2016, neither Alabama nor Georgia has enforced their . . . [documentary proof of citizenship] requirements in state *or* federal elections."    Pls.' Supp. Br. in Further Support of Their Mot. for Summ. J. [Dkt. #171] at 3–4.

Upon due consideration of these developments, the entire record herein, and the Court's independent obligation to determine it retains jurisdiction, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), it is hereby

**ORDERED** that plaintiffs shall, within fourteen (14) days of this Order, show cause in a writing not to exceed ten (10) pages why its claims should not be dismissed as moot in light of the Tenth Circuit's holding in *Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020) and Georgia and Alabama's nonenforcement of the documentary proof of citizenship laws underlying this litigation.  Defendants and defendant-intervenors may, within fourteen (14) days of plaintiffs' submission, respond in a writing not to exceed ten (10) pages; it is further

**ORDERED** that defendant-intervenors shall, individually, within fourteen (14) days of this Order, show cause in a writing not to exceed ten (10) pages why it should not be dismissed as a party for lack of standing.  Plaintiffs and defendants may, within 14 days of defendant-intervenors' submissions, respond in a writing not to exceed ten (10) pages; and it is further

**ORDERED** that no replies will be submitted by any party.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge