UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Case No. 16-236 (RJL) |
| MARK A. ROBBINS, et al., ) ) | |
| Defendants, ) ) | |
| KANSAS SECRETARY OF STATE SCOTT SCHWAB, et al., ) ) ) | |
| Defendant-Intervenors. ) ) | |
| EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND, ) ) ) | |
| Limited-Purpose Intervenor. ) | |

MEMORANDUM ORDER
(November _14_, 2022) [Dkts. ##135, 185]

On March 16, 2017, Eagle Forum Education & Legal Defense Fund ("EFELDF") filed a Motion to Intervene for Limited Purpose of Unsealing the Record [Dkt. #135]. EFELDF sought leave to intervene to vacate the unopposed Protective Order [Dkt. #42] the Court entered on March 2, 2016, which prohibits parties from "publicly disclos[ing] … any documents or information disclosed by Christy A. McCormick, Commissioner, U.S. Election Assistance Commission, for which a party asserts a claim of privilege, until after the Court has ruled on any privilege dispute." After I denied the motion to intervene,

Minute Order of Mar. 28, 2019, our Circuit Court reversed, *League of Women Voters of the United States v. Newby*, 963 F.3d 130 (D.C. Cir. 2020). Consistent with our Circuit's decision, I permitted EFELDF to "intervene for the limited purpose of seeking to unseal references to the McCormick deposition." Minute Order of Aug. 31, 2020. I requested renewed briefing on EFELDF's motion to unseal following resolution of the merits. Minute Order of May 6, 2022. For all the reasons set forth below, EFELDF's Motion to Unseal [Dkts. ##135, 185] is **DENIED**.

Championing the public's right of access to court records, EFELDF asks the Court to unseal the record by vacating the Protective Order. *See* Mem. in Support of Mot. to Unseal ("Mot. to Unseal") [Dkt. #185-2] at 1. Federal defendants oppose EFELDF's request. *See* Fed'l Defs.' Opp. to Mot. to Unseal ("Opp.") [Dkt. #186]. In their view, the McCormick deposition testimony and documents are protected by the attorney-client privilege, attorney work product doctrine, and deliberative-process privilege. *Id.*

In our Circuit, courts evaluate motions to unseal judicial records using a six-factor test crafted from the interests identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). *See In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). Specifically, courts weigh "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* at 1131.

**Need for Public Access.** Because the sealed material was not "specifically referred to in [my] public decision ... or included as part of the publicly available" administrative record and the public had access to various proceedings and other significant portions of the briefing and docket, this factor tips only "modestly" in favor of unsealing. *See Hubbard*, 650 F.2d at 317–18.

**Previous Public Access.** The sealed material has not been disclosed previously. This factor is therefore "neutral." *See, e.g., Am. Prof. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013).

**Objection to Disclosure.** Federal defendants' objection to the disclosure of the material sealed by the Protective Order weighs against unsealing. *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996).

**Property and Privacy Interests.** Federal defendants' claims of attorney-client privilege, attorney work product, and deliberative-process privilege are cognizable interests under the fourth *Hubbard* factor. *See, e.g., United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020). Because the parties agreed that I did not need to consider the sealed material to resolve the merits of the case, I have had no occasion to resolve any potential privilege disputes. To address now, on motion of a limited-purpose intervenor, the privilege designations of limited discovery materials that the parties agreed were not necessary to decide the merits of the case and that were not part of the administrative record is to endorse a fishing expedition that is inconsistent with the presumption of open discovery. *Cf. Tavoulareas v. Wash. Post Co.*, 111 F.R.D. 653, 660 (D.D.C. 1986) (explaining that the "presumption in favor of open discovery ... is not

3

served ... by the disclosure of materials obtained through pretrial processes and not relied upon by the Court"). This is especially so where EFELDF has raised only speculative claims of fraud irrelevant to the Court's resolution of the merits of this case. *Cf. Alexander v. FBI*, 186 F.R.D. 21, 45 (D.D.C. 1998) (showing of relevance required when seeking to compel production). Federal defendants' assertions of privilege weigh against unsealing.

**Possibility of Prejudice.** Federal defendants claim that "allowing the unauthorized disclosure by a single agency employee to waive the government's privileges ... would work a lasting prejudice to the government by chilling future communications among government officials and especially between government officials and their statutorily-authorized litigation counsel." Opp. at 7. This potential harm weighs against unsealing. *See, e.g., Bank Julius Baer*, 520 F. Supp. 3d at 85.

**Purpose of Documents.** "[T]he documents here were not determined ... to be relevant to the [claims] ... nor were they described or even expressly relied upon ... in [my merits] decision." *See Hubbard*, 650 F.2d at 321. Moreover, the material at issue is the product of the parties' discovery, not the administrative record, and the parties disclaimed the Court's need to rely on it to resolve the case. *Cf. Bank Julius Baer*, 520 F. Supp. 3d at 85 (noting importance of parties' "inten[t] to influence" decision). As our Circuit Court has observed, "the fact that a sealed document didn't affect a judicial decision ... can be the 'most important' element cutting *against* disclosure." *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021). This factor also weighs against unsealing.

* * *

Federal defendants' objection to disclosure, their interest in protecting privileged materials, and the possible prejudice to them from disclosure outweigh the need for public access to sealed materials from the McCormick deposition produced in discovery but that the parties agreed were not necessary to, and I did not rely on in, resolving this matter on the merits. EFELDF's Motion to Unseal [Dkts. ##135, 185] is therefore **DENIED**.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge